IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID ALEXANDER, | § | |
| | § | |
| V. | § | CASE NO. 4:11cv44 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on May 19, 2008, claiming entitlement to disability benefits due to cervical problems, arm numbness, low back pain, herniated disc, bilateral chronic radiculopathy, hepatitis C, ulcers, anemia, and knee pain due to previous surgery. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on March 30, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Suzette Skinner, testified.

On October 30, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on November 17, 2010. Therefore, the October 30, 2009 decision of the ALJ became the final decision of the

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 1999.

2. The claimant has not engaged in substantial gainful activity since January 1, 2003, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disease of the spine, hypertension, hepatitis, and status post left knee surgery (20 C.F.R. § 404.920 (c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 C.F.R. 416.967(b) in that he can do activities that include lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing/walking for 6 hours a day, and sitting for 6 hours in an 8 hour workday; and occasionally climbing ramps and stairs, balancing, stooping, crouching, and kneeling.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 416.965).

7. The claimant was born on May 20, 1957 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a

        finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 19, 2008 through the date of this decision (20 C.F.R. 416.920(g)).

(TR 22-27).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable

impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the Fifth step.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ erred in finding that he was not disabled at step three of his analysis. The Social Security Regulations provide in part:

> "If you are not doing substantial gainful activity, we always look first at your physical or mental impairment(s) to determine whether you are disabled or blind. Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental *impairment must be established* by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."

§ 404.1508 (emphasis added).

Several other sections make it plain that the two inquiries are distinct. The section addressing evidence requires that applicants "provide medical evidence showing *that you have an impairment(s) and how severe it is* during the time you say that you are disabled." § 404.1512(c) (emphasis added); *see also* § 404.1520(c) (distinguishing an "impairment" from a qualifying "severe impairment"); § 404.1513(a) ("We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s)."); *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.").

Plaintiff complains that the ALJ does not explain why he does not meet the step three listing. The ALJ correctly cites Listing 1.04. The ALJ specifically states that Alexander does not have a

5

back impairment producing the neurological deficits noted in the listing. The ALJ further adds that, although Alexander is limited as to prolonged standing and walking, he is able to ambulate effectively. The ALJ further adds that no medical source has documented findings equivalent in severity to the criteria of any listed impairment, individually or in combination with other impairments.

Plaintiff contends that he has been diagnosed with spinal stenosis and degenerative disc disease. Plaintiff points to the fact that there have been two positive straight leg raising tests in addition to other pain and sensory disorders all noted in the record. The Commissioner responds that the ALJ did a thorough analysis, but what is missing to satisfy a listing is evidence of nerve root compression. For example, the records of Denton Regional Medical Center note a MRI of the lumbar spine. Although degenerative discs are noted, there is also a notation that there is no significant impact on the exiting nerve roots at L1-5 and that the study is otherwise negative (TR 141). The burden is on Plaintiff to show that he meets a listing at step three.

Having reviewed counsel's citations to the record in support of his position, he simply cannot show any objective medical tests noting a nerve root compression that would meet the exacting listing requirements of 1.04. Most, if not all, of the evidence cited by counsel are in fact references to Plaintiff's own testimony as to numbness, weakness or pain. As the ALJ noted, the descriptions of the symptoms and limitations which Alexander has testified to have generally been inconsistent and unpersuasive and not supported by the medical record. Although Plaintiff claims that he was unable to obtain treatment, the ALJ focuses primarily on the objective medical evidence and the consultative exam. The ALJ also cites and relies upon the State Agency doctors who opined that Alexander could do light work consistent with the RFC given to him. Under the Social Security Regulations, it is entirely proper for the ALJ to consider and accord weight to such evidence. *See*

20 C.F.R. 404.1527(f)(2)(I). Plaintiff's first point of error is overruled.

The second point of error is that the ALJ's RFC assessment was not supported by substantial evidence. The ALJ is responsible for assessing a claimant's RFC based on all of the relevant evidence in the record. *Perez v. Barnhart,* 415 F.3d 457, 462 (5th Cir. 2005); 20 C.F.R. § 404.1546(c). Although the ALJ should obtain a medical source statement describing the types of work that the claimant can still perform, the absence of such a record, in itself, does not make the record incomplete. *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995). If substantial evidence in the record supports an ALJ's determination of a claimant's RFC, there is no reversible error. *See id; Gutierrez v. Barnhart,* 2005 WL 1994289, at *7 (5th Cir. 2005). Here, there was a medical source statement.

RFC refers to the claimant's ability to do "sustained work-related physical and mental activities in a work setting on a regular or continuing basis," eight hours a day, for five days a week or an equivalent work schedule, despite any physical or mental impairments. SSR 96-8p; 20 C.F.R. § 404.1545(a). The ALJ has the responsibility to determine the claimant's RFC at the administrative hearing based on all of the evidence, including the medical records, the observations of treating physicians and other acceptable medical sources, and the claimant's own description of his limitations. *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir.1995). The ALJ must resolve conflicts in the evidence and make credibility determinations based on substantial evidence. *Lovelace v. Bowen,* 813 F.2d 55, 59-60 (5th Cir.1987); *Allen v. Schweiker,* 642 F.2d 799, 801 (5th Cir.1981) (per curiam). "The [proper] inquiry[ ] is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The ALJ found that Alexander had the ability to perform light work, with some limitations. Plaintiff contends that the ALJ fails to assess his ability to perform work on a regular and continuous basis. At his hearing, Alexander stated that his back pain is the worst and he was limited in what he could do. He stated that his pain was aggravated by bending, sitting, or laying too long. The crux of the argument is that Alexander could not afford the care he needed for his problems and that the ALJ's finding that Alexander's testimony was inconsistent and unpersuasive because he had not received the type of medical treatment one would expect for a totally disabled individual ignores his financial problems in obtaining care. Plaintiff also complains that the ALJ discounted his credibility erroneously because his work at the "ranch" was limited. Plaintiff also faults the ALJ for "ignoring" other back conditions and focusing only on his degenerative disc disease.

Much of what Plaintiff complained about as to his limitations was found to be just the opposite in Dr. Graves' physical assessment of him. Dr. Graves finds no evidence of radiculopathy. According to Dr. Graves, Plaintiff had no problem sitting, standing or walking.

It is the ALJ's responsibility to determine RFC. *See* 20 C.F.R. §§ 404.1546, 416.946. The records of Dr. Hisey note no nerve root involvement in Alexander's back. Dr. Wolski, in reading his X-rays, noted that he had mild scoliosis, but no spondyloysis. The mere existence of a medically determinable impairment cannot alone verify subjective allegations of pain. The claimant has to show functional impairments precluding substantial gainful activity. *See Hames v. Heckler*, 707 F.2d 162,165 (5th Cir. 1983). Even Dr. Graves found that Plaintiff was in no apparent distress throughout the exam (TR. 185).

Plaintiff also had excellent upper body muscle and motor function. The records reveal no restrictions by his back doctors. Based on the record before him, the ALJ was entitled to find that Plaintiff's subjective complaints were not supported by the objective medical evidence. *See Adams*

*v. Bowen*, 833 F.2d 509,512 (5th Cir. 1987). The record viewed as a whole supports the ALJ's decision.

Pursuant to the foregoing, the Court AFFIRMS the decision of the Administrative Law Judge.

**SO ORDERED.**

**SIGNED this 15th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE